# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERDINANDO L. ROBINSON

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:11-CV-01748-KJD-(PAL)

**ORDER**

    Petitioner has paid the filing fee (#4). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court has reviewed the petition for a writ of habeas corpus. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Any time spent pursuing a properly-filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace, 544 U.S. at 418). The petitioner effectively files a federal petition when he mails it to the court. Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

On its face, the petition is untimely. On August 13, 2008, pursuant to a plea of guilty petitioner was convicted of attempted murder. Petitioner did not appeal the judgment of the state district court, and the judgment of conviction became final on September 12, 2008. See Nev. R. App. P. 4(b). The one-year period of limitation began to run the next day. One hundred forty-five (145) days later, on February 4, 2009, petitioner filed a post-conviction habeas corpus petition in the state district court. This filing tolled the federal one-year period of limitation pursuant to 28 U.S.C. § 2244(d)(2). The state district court denied the petition, petitioner appealed, and the Nevada Supreme Court affirmed on December 11, 2009. Remittitur would have issued by January 5, 2009. See Nev. R. App. P. 41(a). The period of limitation resumed running the next day. Two hundred twenty (220) days later, on August 13, 2010, the period of limitation expired. Petitioner did not commence this action until more than a year later, on October 28, 2011, when the court received the petition.[1] Petitioner needs to show cause why the court should not dismiss this action as untimely.

---

[1] Although the effective date of filing is when a prisoner hands the petition to a prison official for mailing, petitioner did not state in the space provided when he did that.

1  Although petitioner does not allege it in his petition, he filed on December 23, 2010, what
2  the Nevada Supreme Court construed as a motion to withdraw his guilty plea. The district court
3  denied the motion, petitioner appealed, and the Nevada Supreme Court determined that because
4  petitioner had taken so long to file his motion, and because he could have raised the issue in his
5  post-conviction habeas corpus petition, the motion was precluded by the equitable doctrine of
6  laches. Robinson v. State, 2011 WL 4342644 (Nev. Sept. 14, 2011). Remittitur would have issued
7  by October 9, 2011. See Nev. R. App. P. 41(a).

8  The court does not need to determine whether the motion to withdraw the guilty plea
9  qualified for tolling pursuant to 28 U.S.C. § 2244(d)(2). By the time petitioner filed that motion, the
10 federal period of limitation had been expired for more than four months. Even if the motion would
11 have qualified for tolling, there was nothing left to toll. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.
12 2001).

13 IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of
14 habeas corpus pursuant to 28 U.S.C. § 2254.

15 IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
16 of this order to show cause why this action should not be dismissed as untimely. Failure to comply
17 with this order will result in the dismissal of this action.

18 IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney
19 General for the State of Nevada, as counsel for respondents.

20 IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
21 copy of the petition and a copy of this order. No response by respondents is necessary.

22 DATED: February 6, 2012

_____
KENT J. DAWSON
United States District Judge