# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FERDINANDO L. ROBINSON

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:11-CV-01748-KJD-(PAL)

**ORDER**

    The court directed petitioner to show cause why the court should not dismiss this action as untimely. Order (#5). Petitioner has submitted a response (#8). The court is not persuaded by petitioner's arguments, and the court dismisses the action.

    Petitioner does not dispute the court's calculations. Instead, he presents arguments why the court should excuse operation of the statute of limitations.

    Three of petitioner's arguments are inapplicable to the issue of timeliness. First, petitioner argues that the Nevada Supreme Court is inconsistent in whether a defendant who claims that a plea agreement has been breached should file a motion to withdraw the guilty plea or to seek specific performance of the plea agreement. Petitioner has attached to the response (#8) orders of the Nevada Supreme Court in his case and in the case of another defendant showing the apparent inconsistency. Petitioner had filed a motion for specific performance of the plea agreement, and the Nevada Supreme Court construed it as a motion to withdraw his plea. The other person had filed a motion to withdraw his plea, and the Nevada Supreme Court ruled that the proper remedy was specific performance of the plea agreement.

1   Petitioner's argument is irrelevant. At the moment this court is concerned only with the
2   timeliness of petitioner's federal habeas corpus petition. The court is not relying upon what the
3   Nevada Supreme Court held in its rulings. The court is relying upon only the dates on which
4   petitioner's attempts to obtain relief started and ended. The court determined that the one-year
5   period of limitation had expired before petitioner filed his specific-performance motion or plea-
6   withdrawal motion, regardless of how it was construed. Order, at 3 (#5). Petitioner needed to
7   explain what happened before he filed that motion; he did not need to explain how the Nevada
8   Supreme Court treated that motion.

9   Second, petitioner argues that this court can reach the merits of his claims because the
10  Nevada Supreme Court considered the merits of his claims. This argument is relevant to the issue
11  of whether a rule of state law that is independent of federal law and adequate can bar a federal court
12  from considering the merits of a habeas corpus petition, also known as procedural default. See
13  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). Procedural default is not the issue now. The
14  issue now is whether the federal habeas corpus petition is untimely pursuant to a rule of federal law,
15  28 U.S.C. § 2244(d). Petitioner's argument is irrelevant to the issue of timeliness.

16  Third, petitioner argues that cause and prejudice exist. Again, this argument is relevant to a
17  person who is facing a procedural default of his federal habeas corpus petition because of the rulings
18  of the state courts. See Coleman, 501 U.S. at 750. The argument is not relevant to the issue of
19  timeliness.

20  The court will construe petitioner's procedural-default arguments as arguments in favor of
21  equitable tolling. The one-year period of limitation of 28 U.S.C. § 2244(d) is subject to equitable
22  tolling. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable
23  tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some
24  extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting
25  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

26  First, petitioner argues that his counsel failed him. "Had counsel properly filed a notice of
27  appeal and pursued petitioner's direct appeal rights, this would have tolled the time it then took him
28  to have his attorney withdraw from the case and he learned that an appeal was not filed." Response,

at 2-3 (#8).  Petitioner later states that counsel told him that petitioner could not appeal because petitioner had pleaded guilty.  Id., at 3.  Regardless of the correctness of that advice, petitioner learned that counsel had not filed a direct appeal before he filed his state habeas corpus petition, because petitioner raised such a claim in his state habeas corpus petition, and the Nevada Supreme Court ruled on the claim.  Robinson v. State, No. 53806, Order of Affirmance, at 5 (December 11, 2009).[1]  When the state habeas corpus proceedings concluded, only 145 days had passed.

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period.  This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted).  Petitioner still had 220 days remaining in his one-year federal period of limitation to file a federal habeas corpus petition.  Petitioner does not explain why counsel's advice made it impossible for him to file a federal habeas corpus petition in the time left to him.

Petitioner next argues that the court should excuse the operation of the period of limitation because he is actually innocent of attempted murder.  The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Petitioner can present such a claim "if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  Gandarela v. Johnson, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=21576 (last visited September 11, 2012).

United States, 523 U.S. 614, 623 (1998). In a case involving a guilty plea, the evidence must show actual innocence of the charges dropped in exchange for the plea, as well as the charges to which the defendant pleaded guilty. Id. at 624. Actual innocence can excuse application of § 2244(d). Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc).

Petitioner does not meet the standard for actual innocence. He does not allege what evidence would have made it more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. In the response (#8), petitioner argues that counsel's poor advice and unspecified prosecutorial misconduct led him to plead guilty. He further argues that the prosecution breached the plea agreement. He argues last that counsel failed to pursue an appeal and gave petitioner poor advice about his appellate rights. None of these arguments are evidence that petitioner is innocent of attempted murder.

The court also has reviewed the petition (#6). Petitioner claims that the prosecution breached the plea agreement, that the state district court gave petitioner a prison sentence beyond what was negotiated, that petitioner's plea was unknowing and involuntary because he did not understand the scope of the negotiations about possible sentences, and that the state courts should have granted his motion for specific performance of the plea agreement. None of these claims present any evidence that petitioner is innocent of attempted murder.

Furthermore, petitioner's argument does not take into account all of the crimes charged. According to the district-court order denying his state habeas corpus petition, a copy of which was filed in the Nevada Supreme Court, petitioner was charged with first-degree kidnaping, battery with substantial bodily harm, attempted murder, violation of extended protective order, and child abuse and neglect. Pursuant to the plea agreement, petitioner pleaded guilty to attempted murder, and all other counts were dismissed. Petitioner has failed to argue that he is actually innocent of all the charged crimes.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court must consider whether to grant a certificate of appealability because it is dismissing this action.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). As described above, petitioner presents several claims regarding the honoring of his plea agreement and whether he entered that plea knowingly. Jurists of reason would find it debatable that he states valid claims of the denial of constitutional rights. Furthermore, jurists of reason would find the court's decision on the timeliness of the petition to be debatable. The court will issue a certificate of appealability.

Petitioner has submitted a motion for appointment of counsel (#2). The court denies this motion because the court is dismissing the action.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (#2) is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** as untimely. The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED** on the issue of whether the court was correct in its determination that this action is untimely.

DATED: September 13, 2012

_____
KENT J. DAWSON
United States District Judge